# Exhibit 1

IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY, MARYLAND

| | |
|---|---|
| EVA L. DURM, and her husband<br>GEORGE DURM<br>370 Jamie Court<br>Glen Burnie, Maryland 21060 | *<br>*<br>* |
| Plaintiffs | * |
| v. | *   CASE No.: |
| WALMART, INC.<br>Serve On: Resident Agent<br>The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093 | *<br>*<br>* |
| Defendant | * |

LAW OFFICES
BROWN & GETKA, P.A.
7420 Baltimore-Annapolis Blvd.
Glen Burnie, Maryland 21061
Telephone
(410) 787-1880
FAX (410) 787-8603

## COMPLAINT

NOW COMES the Plaintiffs **EVA L. DURM** and **GEORGE DURM,** by and through their attorney, Christopher P. Brown, Esq. and sues the Defendant, **WALMART, INC.** and says:

## COUNT ONE - NEGLIGENCE

1. That the Plaintiff's, are adult citizens of the State of Maryland and are residents of Anne Arundel County.

2. That on or about the 1st day of November, 2019 the Defendant, **WALMART, INC.**, owned, operated and controlled property known as Walmart Supercenter at 8107 Ritchie Highway, Pasadena, Maryland 21122, located in Anne Arundel County, Maryland.

3. That the Defendant **WALMART, INC.** held the Walmart Supercenter and its common areas as a safe place for the public/members to traverse while at their place of business.

4. The Defendant owned and/or control and maintained the Walmart Supercenter for a considerable period of time prior to November 1, 2019.

5. That the Plaintiff **EVA DURM,** was a business invitee, and customer at the Walmart Supercenter. That the Plaintiff was walking through Walmart from the bakery to the cash registers by way of the produce aisle. Plaintiff came to a hidden corner where the bananas are displayed and was caused to step on a wheeled banana cart that was empty, but in the area where customers walk. Plaintiff was caused to step on the cart, and it wheeled out from under her causing her to stretch her right leg violently and fall to the ground.

6. Solely as a result of the failure of the Defendant to maintain a safe place to move through the building Plaintiff sustained serious and severe injuries to her person.

7. This injury was caused to the Plaintiff by the negligence of the Defendant as follows:

> a. failing to properly supervise the common areas in question so as to furnish the Plaintiff a safe walkway, free from hazards which were recognized or should have been recognized by Defendant **WALMART, INC.,** as causing or likely to cause the serious physical harm to the Plaintiff, and others;
>
> b. failing to maintain the aisles and walkways in the store and keep them in a safe condition to insure that the Plaintiff would not be caused to be injured as a result of obstacles left in the aisles;
>
> c. and in other respects, was negligent under the circumstances then and there existing.

8. The Plaintiff, **EVA DURM,** did not know or have reason to know about the negligently maintained produce department and the rolling cart that had been left in the aisle as it was camouflaged behind a hidden corner of the produce display.

9. The Plaintiff carefully and prudently entered upon the Defendant's property pursuant to their invitation and fell.

2

10. The Plaintiff was caused to sustain serious, painful and permanent injury, in and about her head, body and limbs.

11. The Plaintiff suffered and sustained and will continue to suffer and sustain severe and permanent shock to her nerves and nervous system and great physical pain and mental anguish.

12. That she was, is and will be required to undergo medical treatment in an attempted alleviation of her infirmities.

13. That she was, is and will be forced to become obligated for necessary medical expenses to alleviate her injuries, past, present and prospective.

14. That she was, is and will be precluded from engaging in her normal activities and pursuits for a long period of time.

15. That she was, is and will be forced to endure severe and substantial emotional distress.

16. That she was, is and will be otherwise hurt, injured, wounded and damaged and caused to sustain losses.

17. That all the Plaintiff's losses, past, present and prospective were, are and will be due solely to and by reason of the negligence of the Defendant, without any negligence or want of due care on the Plaintiff's part contributing thereto.

WHEREFORE, this suit is brought and the Plaintiffs **EVA L. DURM** and **GEORGE DURM** claims damages in excess of **$75,000.00 (seventy-five thousand dollars)**.

## COUNT TWO – LOSS OF CONSORTIUM

NOW COME, the Plaintiffs, **EVA L. DURM** and **GEORGE DURM,** and reallege and incorporate by reference all those facts and allegations contained in the Court One above, and further allege as follows:

18. That at the time of this occurrence the Plaintiffs were husband and wife. That as a direct result of the injuries sustained by the Plaintiffs, jointly as husband and wife, have been caused to suffer and sustain severe injury to their marital relationship. They were, are and will be for a long period of time deprived of the services, assistance, society and companionship of each other.

19. The Plaintiffs aver that all their losses, past, present and prospective, were, are and will be due solely to and by reason of the neglect of the Defendant **WALMART, INC.,** without any negligence or want of due care on their part contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff's **EVA L. DURM** and **GEORGE DURM** claim damages in excess of **$75,000.00 (seventy-five thousand dollars).**

_____
CHRISTOPHER P. BROWN, ESQ.
CPF# 8112010039
Brown and Getka, P.A.
7420 Baltimore-Annapolis Blvd.
Glen Burnie, MD 21061
410-787-1880
chrisbrownlaw@comcast.net
Attorney for Plaintiffs

4

## CERTIFICATE OF REDACTION

**I HEREBY CERTIFY,** that on this 24th day of August, 2020, under Maryland Rule 1-322.2 that all documents meet the requirements of the Exclusion of Personal Identifier Information as set forth in the above rule.

_____
CHRISTOPHER P. BROWN, ESQ.
CPF# 8112010039

5