IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EVA DURM | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-20-2809 |
| WALMART, INC. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendant, Walmart, Inc. ("Defendant"), moves this Court for summary judgment (the "Motion") (ECF No. 31) on Plaintiff Eva Durm's ("Plaintiff") Complaint (ECF No. 2).[1] After considering the Motion and responses thereto (ECF Nos. 31, 34) the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). In addition, having reviewed the pleadings of record and all competent and admissible evidence submitted by the parties, the Court finds that there are genuine issues of material fact as to the claim asserted. Accordingly, the Court will DENY Defendant's Motion.[2]

### FACTUAL BACKGROUND

On November 1, 2019, Plaintiff and her two grandsons entered the Walmart Supercenter at 8107 Ritchie Highway in Pasadena, Maryland to buy cupcakes and cakes for her daughter's birthday. ECF No. 34-1 at 1–2. After picking up the cakes at the bakery, Plaintiff and her grandsons

---

[1] Plaintiff's Complaint originally also contained a claim for loss of consortium, but this claim was dismissed by Plaintiff on May 13, 2021. ECF No. 26.

[2] Plaintiff filed a Motion for Extension of Time to File a Response to Defendant's Motion for Summary Judgment (ECF No. 33) until August 2, 2021. Plaintiff then filed her response in opposition to Defendant's Motion for Summary Judgment on June 30, 2021. ECF No. 34. As such, Plaintiff's Motion for Extension of Time to File Response is DENIED as moot.

1

walked through the produce aisle on their way to the cashier. *Id.* As they walked through the produce aisle, they passed the banana display. *Id.* The bananas were set out on a pyramid-shaped table with four sides, allowing customers to move around the display. *Id.* at 2. Black, metal wheeled carts sat under the display table. *Id.* at 2–3. The carts were rectangular and low to the ground, measuring 21" x 32" x 5". *Id.* at 3. These carts were placed under the display table to hold cardboard boxes filled with overstock bananas. *Id.* Employees used the carts to restock the display table. *Id.* Defendant's policy is that carts are to be stored under the banana display table when not in use. *Id.*

Plaintiff's grandchildren were slightly ahead of Plaintiff when they passed the banana display. *Id.* at 2. Plaintiff turned a corner around the display and stepped on an empty cart. ECF No. 2 ¶ 5. The cart then wheeled out from underneath Plaintiff and caused her to stretch her right leg out and fall to the ground. *Id.* Plaintiff suffered severe injuries as a result of the fall. *Id.* at ¶ 6. Prior to her fall, Plaintiff's 12-year-old grandson was walking slightly ahead in a different portion of the aisle, saw the cart on the floor, and tried to warn Plaintiff before she stepped on it. ECF No. 31-1 at 2, 7. However, Plaintiff did not see the cart before tripping on it. ECF No. 34-1 at 3.

Video surveillance footage captured the incident. *Id.* It showed that, prior to Plaintiff's fall, one of Defendant's employees was restocking the display and walked away carrying several cardboard boxes. *Id.* However, the banana cart and floor were obscured from view at the time of the Plaintiff's fall, and the banana cart cannot be seen at all. *Id.*

## PROCEDURAL BACKGROUND

On September 28, 2020, Plaintiff filed suit in this Court, alleging that Defendant is liable to Plaintiff for her injuries sustained from stepping on a banana cart and falling in one of its stores.

ECF No. 2 ¶¶ 5–7.[3] On June 16, 2021, Defendant filed a Motion for Summary Judgment against Plaintiff. ECF No. 31. On June 30, 2021, after filing a Motion for Extension of Time to File Response to Defendant's Motion for Summary Judgment (ECF No. 33), Plaintiff responded in opposition. ECF No. 34. Accordingly, this matter is now fully briefed, and the Court has reviewed Defendant's Motion as well as the responses thereto. For the following reasons Defendant's Motion is DENIED.

## DISCUSSION

### A. Standard of Review

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Supreme Court has clarified that not every factual dispute will defeat a motion for summary judgment, but rather there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th

---

[3] On October 6, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of all parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 13.

Cir. 2012). On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party and "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013) (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477 U.S. at 249). Thus, "to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Moss v. Parks Corp.*, 985 F.2d 736, 738 (4th Cir. 1993) (quoting *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)).

### B. Defendant's Motion for Summary Judgment

In its Motion, Defendant contends that it is not liable to Plaintiff for negligence for multiple reasons. First, Defendant argues it did not breach any duty owed to Plaintiff because it had no duty

to warn Plaintiff of the banana cart where it was open and obvious. ECF No. 31-1 at 5–6. Second, Defendant had policies and procedures in place for customer safety, however any alleged violation of its own policies is not evidence of negligence. *Id.* at 11. Finally, Defendant asserts the affirmative defense that Plaintiff was contributorily negligent and assumed the risk, therefore Defendant is not liable for her injuries. *Id.* at 12. The Court addresses each argument below.

Plaintiff alleges a single count of negligence. A claim for negligence requires plaintiff prove "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of that duty."[4] *Steamfitters Local Union No. 602 v. Erie Ins. Exch.*, 469 Md. 704, 727 (2020). It is further well-established in Maryland that in "slip and fall" cases, the duty of care owed by an owner or occupier of the premises is determined by the owner's legal relationship to the person entering the premises. *Garner v. Supervalu, Inc.*, 396 F.App'x 27, 29 (4th Cir. 2010) (per curiam). A business invitee is one who enters the property for a purpose "related to the possessor's business." *Rehn v. Westfield America*, 153 Md.App. 586, 592–93 (2003) (citation omitted). One in possession of land and operating a store owes "his business invitee . . . the duty of reasonable care for the protection of the business invitee." *Tucker v. KFC Nat. Mgmt. Co.*, 689 F.Supp. 560, 562 (D.Md. 1988), *aff'd*, 872 F.2d 419 (4th Cir. 1989)

A storekeeper has a duty to protect the business invitee "against dangers which may arise from some . . . unsafe condition . . . [and] dangers which may be caused by negligent acts of his employees." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636–37 (1994) (quoting *Eyerly v. Baker*, 168 Md. 599, 607, 178 A. 691, 694 (1935)). Nevertheless, there are limits to the duty.

---

[4] A federal court exercising diversity jurisdiction must apply the substantive law of the state in which the court is located. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Therefore, the Court will apply Maryland law to analyze this Motion with respect to Plaintiff's negligence claim.

5

Liability for negligence is not presumed simply because Plaintiff is injured on Defendant's premises. *Rehn* 153 Md.App. at 593. Owners "ordinarily [have] no duty to warn an invitee of an open, obvious, and present danger" because the invitee must exercise due care for her own safety. *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md.App. 381, 389 (1997) (citing *Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573, 582 (1989)).

C. **Plaintiff's Negligence Claim**

Defendant first argues that it is not liable to Plaintiff for negligence because the banana cart was an open and obvious danger, and Defendant thus had no obligation to warn Plaintiff of its existence. ECF No. 31-1 at 5. "An open and obvious condition is one that is apparent and recognizable to 'a reasonable person in the position of a visitor, exercising ordinary perception, intelligence, and judgment.'" *Duncan-Bogley v. U.S.*, 356 F.Supp.3d 529, 540 (D.Md.2018) (citation omitted). However, the determination of whether a condition is open and obvious such that an invitee is charged with knowing of its existence and consenting to any risk, is made on a case-by-case basis. *Coleman v. U.S.*, 369 F.App'x 459, 462 (4th Cir. 2010) (citation omitted) (applying Maryland law). Whether a condition is open and obvious is a question typically reserved for the factfinder. *Duncan-Bogley*, 356 F.Supp.3d at 540. However, when "it is clear that any [reasonable] person in [plaintiff's position] must have understood the danger, the issue may be decided by the court." *Id.* (citation omitted).

This Court in *Payne v. Wal-Mart Stores, Inc.* and *Frostbutter v. Bob Evans Farm, Inc.* interpreted Maryland case law on slip and fall cases and explained: "Maryland courts typically deny summary judgment motions in cases in which a store patron fell as a result of an obstacle known to or created by store employees." *Payne*, No. SAG-10-CV-2241, 2011 WL 6738501, at *2 (D.Md. Dec. 21, 2011) (citing cases); *Frostbutter*, No. CIV.A. CBD-12-2388, 2013 WL

6

4026985, at *4 (D.Md. Aug. 6, 2013) (citation omitted). The Court cited cases where invitees were injured by slipping on or bumping into obstructions on the ground in store aisles: a pile of cabbage leaves and an empty crate, *see Tennant*, 115 Md.App. at 394–95, an L-cart, *see Diffendal v. Kash and Karry Service Corp.*, 74 Md.App. 170, 178 (1988), and a box, *see Chalmers v. Great Atl. & Pac. Tea Co.*, 172 Md. 552, 552 (1937). In each case, judgment as a matter of law was inappropriate because whether the defendants were negligent in having the obstruction in the aisles and whether the plaintiffs ought to have known of the danger were questions for the factfinder. *See Calmers*, 172 Md. at 552; *Diffendal*, 74 Md.App. at 178; *Tennant*, 115 Md.App. at 394–95.

In responding to the Maryland case law on this issue, Defendant relies heavily on *Evans v. Hot Shoppes, Inc.* In *Evans*, the Maryland Court of Appeals affirmed a directed verdict for a defendant on the plaintiff's claim of negligence when she was injured after falling over a store's magazine display rack. 223 Md. 235, 238, 243 (1960). The court reasoned that the plaintiff's injuries were not the result of a "latent, concealed or extraordinary condition" on the premises. *Id.* at 241. Instead, the magazine rack was a common and conspicuous piece of display equipment that attracted attention, as opposed to "an obstruction or projection in an aisle." *Id.* at 242.

Here, the facts at issue are more similar to the circumstances in *Chalmers*, *Diffendal*, and *Tennant*. The banana cart was an obstruction on the floor of a walkway within a retail establishment, unlike the display case in *Evans*. The banana cart, though commonly used, was not used to display merchandise, but rather equipment used to move and store boxes and was ordinarily stored out of view when not in use. ECF No. 31-1 at 3. It sat low to the ground in an area where merchandise was at eye-level. ECF No. 34-1 at 7. The obstruction here thus mirrors the facts of *Diffendal*: a cart on the ground in a store aisle. The court in *Diffendal* concluded that summary

7

judgment was not appropriate because "an ordinarily prudent person, while shopping in a supermarket, with her attention drawn to the selection of merchandise . . . could make the same error of judgment, and trip over a cart placed in an aisle near the displays of merchandise." *Diffendal*, 74 Md.App. at 176. Similarly here, judgment as a matter of law is not appropriate because there is a genuine issue of material fact of whether the banana cart was an open and obvious danger that Plaintiff should have identified and taken care to avoid.

Defendant next argues that it has policies in place to keep customers safe and prevent slip and fall incidents while shopping, but any alleged violation of its own policies by an employee does not establish Defendant's liability. ECF No. 31-1 at 11. This Court has concluded that the violation of an internal use reference guide for the United States Postal Service, unlike a statute or ordinance, did not establish liability for negligence. *Ramseur v. United States*, 587 F.Supp.2d 672, 682 (D.Md. 2007), *aff'd*, 283 F.App'x 998 (4th Cir. 2008). In a later case, the Court explained that such guidelines "do not purport to impose legal duties . . . to business invitees such that they may be held liable in tort for their violation." *Duncan-Bogley*, 356 F.Supp.3d at 537 (discussing the violations of the United States Postal Service handbook and applying *Ramseur*). In *Smith v. Rite Aid of Maryland, Inc.*, the Maryland Court of Special Appeals reasoned that a violation of a store's safety policy "while in and of itself does not establish liability, is contrary to [Defendant's] argument that the placement of the tote box was 'open and obvious,' as a matter of law, and . . . would prohibit the granting of a motion for summary judgment." *Smith v. Rite Aid of Md., Inc.*, No. 0936 Sept. Term 2015, 2016 WL 2945731, at *6 (Md.Ct.Spec.App. May 19, 2016) (explaining also that its decision was not inconsistent with the court's holding in *Ramseur*).

Plaintiff does not assert, nor does the law support, that a violation of the policy by Defendant's employee alone makes Walmart liable for negligence. Plaintiff instead contends that

her injury was caused by Defendant's negligence in "failing to properly supervise the common areas in question so as to furnish . . . a safe walkway . . . [and] failing to maintain the aisles and walkways," ECF No. 2 at ¶ 7. Plaintiff referred to Defendant's "clean as you go" policy in the same manner as the court described in *Smith*, to assert that Defendant's policy shows that it was not foreseeable for invitees like Plaintiff to anticipate encountering the banana cart while shopping. ECF No. 34-2 at 7–8. Questions of fact remain as to where the banana cart was located and whether Defendant's employee complied with Defendant's policy at the time of Plaintiff's injury. ECF No. 31-1 at 3–4; ECF No. 34-2 at 7–8. These questions are material facts in dispute and clear questions of fact for the factfinder.

Defendant's final argument asserts the affirmative defenses of contributory negligence and assumption of the risk. ECF No. 31-1 at 12. Plaintiff's conduct could simultaneously give rise to both affirmative defenses. *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 112 (2011). These related defenses differ in that contributory negligence exists where Plaintiff "contributes to cause a particular accident which occurs," while assumption of the risk requires Plaintiff's "intentional and voluntary exposure to a known danger, and therefore, consent . . . to take [her] chances from harm from a particular risk." *Marrick Homes LLC v. Rutkowski*, 232 Md.App. 689, 715–16 (2017) (citations omitted). The question of whether a Plaintiff was contributorily negligent or assumed the risk is ordinarily a question for the factfinder. *See Poole*, 423 Md. at 115. "Whether a plaintiff exercised the degree of care expected of a reasonably prudent person under the circumstance [is usually] a question of fact for the jury and not of law for the court." *Konig v. Ames*, No. CV ELH-20-3038, 2021 WL 1561518, at *5 (D.Md. Apr. 21, 2021) (quoting *Diffendal*, 74 Md.App. at 175 (internal quotation marks omitted)).

Plaintiff's contributory negligence completely bars recovery when Plaintiff violates her duty to observe "ordinary care for [her] own safety" under the circumstances and acts or fails or act in a way that is a proximate cause of her resulting injury. *Id.* For judgment as a matter of law on the ground of contributory negligence, "the evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds." *Baltimore & O.R. Co. v. Plews*, 262 Md. 442, 454 (1971). A business invitee is held to a lesser standard of vigilance than someone on the street:

> The storekeeper expects and intends that his customers shall look not at the floor but at the goods which he displays to attract their attention and which he hopes they will buy. He at least ought not to complain, if they look at the goods displayed instead of at the floor to discover possible pitfalls, obstructions, or other dangers, or if their purchases so encumber them as to prevent them from seeing dangers which might otherwise be apparent.

*Chalmers*, 172 Md. at 552. "A reasonable inference is that an ordinarily prudent person, while shopping in a supermarket, with her attention drawn to the selection of merchandise displayed . . . could make [an] error of judgment, and trip over [an object] placed in an aisle near the displays of merchandise." *Tennant*, 115 Md.App. at 395 (quoting *Diffendal*, 74 Md.App. at 176).

To assert that Plaintiff assumed the risk, Defendant must show that "the *particular* plaintiff" had "*actual* knowledge of the risk" before assuming it. *Poole*, 423 Md. at 114, 121 (emphasis in original). A grant of summary judgment based on an assumption of the risk defense is proper "where it is clear that any person of normal intelligence in [the plaintiff's] position must have understood the danger." *Id.* at 109 (citations omitted). Because Plaintiff contends that she did not see the banana cart, the question is then an issue of whether the risk taken was one of a person of normal intelligence who would have understood the danger. *See id.*

10

Here, genuine issues of material facts bar the Court from concluding that that Plaintiff was contributorily negligent or assumed the risk as a matter of law. To support its argument, Defendant asserts that it is undisputed that the banana cart was an ordinary business fixture, that the area was well-lit, that Plaintiff's grandson saw the banana cart, and that Plaintiff had observed the banana cart on prior occasions. ECF No. 31-1 at 14. However, these facts do not support judgment as a matter of law for either contributory negligence of assumption of the risk.

The facts on which Defendant relies do not show that Plaintiff was contributorily negligent as a matter of law by acting in a "prominent and decisive" way to "directly contribute[] to the accident" and "was of such a character as to leave no room for difference of opinion." *Plews*, 262 Md. at 454. Nor has Defendant shown that walking around the produce department and looking at one's surroundings and not the floor was a situation in which a person of normal intelligence would have identified a great risk of danger. *See Poole*, 423 Md. at 116. Defendant's produce department is set up so that people may shop for produce, perhaps obviously, above floor level. *See* ECF No. 31-8. Like the court explained in *Chalmers*, Defendant "expects and intends" its customers to look at goods on display, not the floor, and to attract their attention. 172 Md. at 552. Plaintiff's action of walking through the produce department and not staring at the floor while doing so is neither a prominent and decisive action deviating from an ordinary standard of care nor an act that someone of normal intelligence would have seen as dangerous. Such action would risk injury in other ways, and it is not the manner in which storeowners, like Defendant, direct patrons through their stores. Therefore, there remains a genuine issue of material fact with regard to whether Plaintiff herself was either contributorily negligence or assumed the risk when walking through Defendant's store, thus Defendant is not entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that there are genuine issues of material fact as to whether Defendant breached its duty of care to Plaintiff as a business invitee to its store. Therefore, Defendant's Motion (ECF No. 31) is DENIED. A separate order will follow.

Date: 2 September 2021

A. David Copperthite
United States Magistrate Judge